UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves,<br><br>PLAINTIFF<br><br>v.<br><br>P.F.C. Jason Thomas Warner, Lt. Michael Joseph Hartson, and Mullins Police Employee #1,<br><br>DEFENDANTS | Case No. 4:22-cv-02650-TLW<br><br>**Order** |

Plaintiff Kathy Reaves, proceeding *pro se* and *in forma pauperis*, filed this civil action on behalf of her adult son, Seth Reaves, against the above-named defendants. ECF No. 1. Plaintiff's claims arise out of the apparent May 6, 2022 theft of Seth Reaves' vehicle by Plaintiff's other adult son, Dmitri Reaves. ECF No. 1–1. Plaintiff purports to bring her suit pursuant to the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq*.; the Freedom of Information Act, 5 U.S.C. § 552; the "Invasion of Privacy Act", and the Fourth and Fourteenth Amendments. ECF No. 1 at ¶1.

Plaintiff's complaint was referred to the Honorable Thomas E. Rogers, III, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). The magistrate judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, which directs the court to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, as well as when the complaint seeks monetary relief from a defendant who is immune from such relief.[1] Accordingly, the

---

[1] The magistrate judge took this step because Plaintiff has filed a number of frivolous actions in this Court. ECF No. 1 at 2.

magistrate judge filed a Report and Recommendation ("Report"), ECF No. 8, recommending that this Court dismiss Plaintiff" complaint with prejudice and without service of process.

The matter now comes before the Court for review of the Report filed by the magistrate judge. In the Report, the magistrate judge recommends that Plaintiff's complaint be summarily dismissed because (1) Plaintiff does not have standing to bring claims on behalf of her adult son because she has not suffered an injury; (2) "hefty portions of Plaintiff's complaint [are] frivolous", and (3) Plaintiff's complaint "espouses factually irrelevant information about Defendants wholly unrelated to the May 2022 incident with her sons." *Id.* at 2—5. The magistrate judge concludes that "Plaintiff's frivolous filings are nearing a waste of limited judicial resources" and "bordering on abuse of the court's process." *Id.* at 5. Plaintiff did not file objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory

committee's note).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 8, is **ACCEPTED**. This matter is **DISMISSED WITH PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**IT IS SO ORDERED**.

                                                 *s/ Terry L. Wooten*
                                                 Terry L. Wooten
                                                 Senior United States District Judge

November 17, 2022
Columbia, South Carolina